UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| CONNIE J. WILSON, ) | |
| ) | |
| Plaintiff, ) | No. 6:21-CV-168-HAI |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | & ORDER |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

*** *** *** ***

Claimant Connie J. Wilson brought this action under 42 U.S.C. §§ 405(g) and 1383(c) on October 1, 2021, to obtain judicial review of an unfavorable administrative decision. D.E. 1. The parties consented to the referral of this matter to a magistrate judge. D.E. 16, 18. Accordingly, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. D.E. 19. The Court, having reviewed the record and for the reasons stated herein, **GRANTS** Plaintiff's motion for summary judgment (D.E. 22) and **DENIES** the Commissioner's motion for summary judgment (D.E. 25).

The Court must comment on Plaintiff's summary-judgment motion. The motion is full of bluster but lacking in factual detail and relevant legal support. This issue has plagued Plaintiff's counsel's filings in this District. *See, e.g.*, *Warren v. Kijakazi*, No. 6:20-CV-112-REW, 2022 WL 23255, at *2 (E.D. Ky. Jan. 3, 2022) (noting the summary-judgment motion was "nearly devoid of record citations, argument, and binding case law"); *York v. Berryhill*, No. 6:20-CV-40-KKC, 2021 WL 849229, at *2 (E.D. Ky. Mar. 5, 2021) (finding the summary-judgment motion

1

"mount[ed] an exceedingly vague attack" including "conclusory assertions" and an argument the ALJ was prejudiced against rural Appalachians). Plaintiff's motion also contains unfounded and inappropriate characterizations of the work of one of the administrative law judges that handled Plaintiff's claim. Future filings of a similar nature will require Plaintiff's counsel to appear in court to be held accountable for such practices. Counsel should be mindful that the combative tone and slapdash attention to detail undermines this Court's ability to review Plaintiff's claims and, in truth, detracts from the forcefulness of Plaintiff's position on the merits. Although the outcome of this matter is at this point in Plaintiff's favor, counsel should view the Court's comments as a learning experience for future practice in this District.

Here, there are two underlying decisions by two different administrative law judges. First, Wilson filed for disability insurance benefits and supplemental security income in February 2015. D.E. 13-1 at 15, 47.[1] Following a hearing in December 2016, ALJ Jonathan Leiner found Wilson was not disabled. *Id*. at 47-57.

ALJ Leiner's decision, rendered in April 2017, found that Wilson suffers the severe impairments of obesity, back disorders, and affective disorders. D.E. 13-1 at 50. However, the ALJ found none of these impairments, even in combination, met the severity of any listed impairment. *Id*. at 51. The ALJ found Wilson had the residual functional capacity (RFC) to perform a broad range of medium work, with numerous restrictions. *Id*. at 52-53. The ALJ found that, although Wilson was unable to perform past relevant work (*id*. at 55), there were sufficient jobs in the economy that she could perform, so she was not disabled (*id*. at 56). Her date last insured was December 31, 2014. *Id*. at 48.

Wilson did not appeal the unfavorable April 2017 decision.

---

[1] References to the administrative record are to the large black page numbers at the bottom of each page.

On March 25, 2019, Wilson filed another application, alleging disability beginning January 10, 2018. D.E. 13-1 at 192. The application ultimately culminated in a telephonic hearing before ALJ Tommye Mangus on September 23, 2020. *Id*. at 16. ALJ Mangus determined that ALJ Leiner's prior decision was "final" and "binding' and had a "res judicata" effect. *Id*. Accordingly, ALJ Mangus found ALJ Leiner's findings were controlling except for Wilson's claims of blindness or low vision, which were not among the impairments discussed in the 2017 decision. *Id*. ALJ Mangus then focused solely on Wilson's vision issues and found they did not render her disabled. *Id*. at 19-22.

The pivotal issue here is that the second ALJ committed a legal error in ascribing *res judicata* to the 2017 decision. A key fact is that Wilson's alleged disability period before ALJ Leiner (December 31, 2014, to April 25, 2017) is different from the disability period before ALJ Mangus (January 10, 2018, to October 13, 2020). Recent caselaw establishes that, when a second application covers a different disability period, the second ALJ must give the record a "fresh look" and is not bound by the prior ALJ's findings.

### *Earley* and the Law of a Fresh Look

In its 2018 *Earley* opinion, the Sixth Circuit addressed a "defect" that had arisen in the courts based on a "broad reading" of the 1997 *Drummond* opinion. *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934 (6th Cir. 2018) (discussing *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 840 (6th Cir. 1997)). The Court clarified that *Drummond* did not establish "issue preclusion" on a subsequent application *for a different time period*. Instead, the principle of *Drummond* is that a second ALJ can consider the prior ALJ's decision to be "an important and probative fact" to be considered. *Id*. at 933-34.

First, concerning applications covering the same time period, the *Earley* Court explained:

3

> If an individual, say, files a second application for the same period of time finally rejected by the first application and offers no cognizable explanation for revisiting the first decision, res judicata would bar the second application. And res judicata would apply in both directions: to bar the government *and* individuals from relitigating a past final decision for no reason other than to take a second bite at the same apple. *See* 20 C.F.R. § 404.957(c)(1).

*Earley*, 893 F.3d at 933.

However, although *res judicata* "bars attempts to relitigate the same claim, [] a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994." *Earley*, 893 F.3d at 933 (quoting *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998)). The Court continued,

> Had Earley filed a second application for disability benefits for June 25, 2010 to May 15, 2012, the same period covered by her first application, the ALJ could have correctly rejected it on res judicata grounds and the principles of finality that it supports. But Earley did not do that. She filed a new application for a new period of time. When an individual seeks disability benefits for a distinct period of time, each application is entitled to review.

*Id*. Thus, "The Sixth Circuit has explicitly held that res judicata does not apply when a claimant files a subsequent application for benefits for an entirely *different* time period." *Ratliff v. Saul*, No. 7:18-CV-114-HRW, 2020 WL 855958, at *3 (E.D. Ky. Feb. 20, 2020).

"*Earley* establishes that ALJs must give a 'fresh look' at new applications covering new periods." *Goins v. Saul*, No. 5:19-CV-117-DLB, 2020 WL 1290784, at *5 (E.D. Ky. Mar. 18, 2020) (quoting *Neal v. Comm'r of Soc. Sec.*, No. 18-10709, 2019 WL 2208555, at *10 (E.D. Mich. Jan. 31, 2019)). When a subsequent application covers a different disability period, the subsequent ALJ should "consider[] the prior ALJ's findings regarding the earlier record when reviewing a petitioner's successive application [and] should make determinations based on a 'fresh look' at the 'new evidence . . . while being mindful of past rulings and the record in prior proceedings.'" *Snow v. Saul*, No. 5:20-CV-388-EBA, 2022 WL 813603, at *3 (E.D. Ky. Mar.

16, 2022) (quoting *Earley*, 893 F.3d at 931). "A fresh look requires the ALJ to consider the new evidence and make his or her own determinations about a claimant's limitations." *Id*. "*Earley* establishes that regardless of her chances of success, an applicant should have the opportunity for a full hearing, with no presumptions applied, when the claim covers a new period of time not addressed in the prior hearing." *Warren v. Saul*, No. 6:18-CV-225-HRW, 2019 WL 3253964, at *3 (E.D. Ky. July 19, 2019).

Here, Wilson's application filed in 2015 alleges disability during a different time period than the application filed in 2019. As such, *res judicata* does not strictly apply. Upon her 2019 application, Wilson was entitled to fresh review. Other cases in this Circuit, facing similar situations, have reached the same conclusion. *Norris J. v. Kijakazi*, No. 4:21-CV-56-HBB, 2022 WL 4686972, at *3-4 (W.D. Ky. Sept. 30, 2022) (noting that the claimant was "entitled to independent review because his subsequent application is a separate period of disability from his prior application," and finding that a "fresh look" occurred); *Snow*, 2022 WL 813603, at *3-4 (finding a "fresh look" occurred); *Hatfield v. Kijakazi*, No. 6:20-CV-214-HAI, 2022 WL 358432, at *6 (E.D. Ky. Feb. 7, 2022) (same); *Harrell v. Comm'r of Soc. Sec.*, No. 18-10698, 2020 WL 435229, at *7 (E.D. Mich. Jan. 28, 2020) (finding a "fresh look" occurred despite the ALJ's citation to *Drummond*); *Goins*, 2020 WL 1290784, at *5-6 (same).

Under *Earley*, when the subsequent ALJ "'explicitly concluded' the prior decision was binding," and no fresh review was undertaken, then a remand is warranted. *Norris J.*, 2022 WL 4686972, at *4 (quoting *Hogren v. Comm'r of Soc. Sec.*, No. 2:19-CV-854, 2020 WL 830401, at *4 (S.D. Ohio Feb. 20, 2020), *report and recommendation adopted*, 2020 WL 1140058 (S.D. Ohio Mar. 9, 2020)).

Such is the case here. ALJ Mangus, citing *Drummond*, noted that there was a final, binding decision on Wilson's prior application. D.E. 13-1 at 16. ALJ Mangus found no "new and material evidence" that would warrant reopening that prior final decision. *Id*. She then concluded,

> As such, the previous ALJ decision is res judicata for the prior period, and the only remaining issue before the undersigned is whether the claimant can establish disability on the basis of blindness or low vision within the date last insured (DLI) for a blind individual. The undersigned finds that claimant has failed to do so[.]

*Id*.

ALJ's Mangus's decision evidences no fresh review of any of the issues decided in 2017. ALJ Mangus's interaction with the record (in terms of weighing evidence and making findings) is limited to blindness and/or low vision. *See id*. at 20. This is despite Wilson asserting in her application that, although she had unsuccessfully applied for disability before, her "conditions" had grown "worse." *Id*. at 194, 227. The 2020 ALJ's decision contains no fresh looks at Wilson's allegedly worsened conditions that were discussed by the other ALJ in 2017.

Given the above authorities, a remand is necessary here. Wilson's 2019 application alleged a different disability period, so the ALJ was required to give the 2017 decision a "fresh look." Instead, the ALJ applied *res judicata* to everything but Wilson's alleged blindness or low vision. Stated differently, this means the ALJ's 2020 decision was not supported by substantial evidence.

Wilson's motion frames the issue as a denial of a request to reopen the 2017 decision. D.E. 22. Wilson's 2019 application sought benefits for an entirely different alleged disability period, so it was not merely a request to reopen the earlier proceedings. Wilson states she did move unsuccessfully to reopen the earlier proceedings "upon reaching a new [ALJ]." *Id*. at 2. ALJ Mangus's opinion includes an explanation for not reopening the 2017 decision. D.E. 13-1

6

at 16. Even so, the law does not authorize judicial review of the Commissioner's decision not to reopen a previously adjudicated claim for benefits. *See Mounts v. Berryhill*, No. 6:18-CV-261-REW, 2020 WL 34407, at *7 (E.D. Ky. Jan. 2, 2020). This Court would thus lack jurisdiction of a denial of a request to reopen. An exception to this rule exists for constitutional claims. *Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Blacha v. Sec'y of Health & Hum. Servs.*, 927 F.2d 228, 231-32 (6th Cir. 1990). But Wilson's motion does not articulate an actual constitutional claim. She argues she was denied due process and equal protection due to ALJ Leiner's "bias and lack of impartiality." D.E. 22 at 4. But she points to no evidence of bias apart from an unfavorable decision and certain statements of the record she found objectionable. Thus, Wilson is entitled to relief, but not on the bases she argued in her motion. The issue here, in the Court's view, is not the denial of the motion to reopen, but rather the ALJ's failure to give a fresh look to Wilson's impairments that were assessed in the 2017 decision.

## CONCLUSION

The Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (D.E. 22) is **GRANTED**.

(2) The Commissioner's Motion for Summary Judgment (D.E. 25) is **DENIED**.

(3) **JUDGMENT** will be entered in favor of the Plaintiff by separate order.

This the 17th day of November, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge